UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLORY ANNA JOHNSON,

    **Plaintiff,**

  v.                                           Case No. 22-CV-1023

SHAWNO COUNTY JAIL,

    **Defendant.**

## ORDER SCREENING THE COMPLAINT

On September 6, 2022, plaintiff Glory Anna Johnson who is representing herself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated her constitutional rights. (ECF No. 1.) Johnson also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) This order resolves that motion and screens the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Johnson was a prisoner when she filed her complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with her case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She

must then pay the balance of the $350 filing fee over time, through deductions from her prisoner account. *Id.*

On September 6, 2022, Johnson filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On September 9, 2022, the court ordered Johnson to pay an initial partial filing fee of $31.70 by October 10, 2022. (ECF No. 5.) On December 6, 2022, the court granted Johnson an extension to pay the fee by December 30, 2022. (ECF No. 9.) On December 28, 2022, Johnson paid the fee. The court will grant Johnson's motion for leave to proceed without prepaying the filing fee. She must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a

claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Johnson's Allegations*

Johnson alleges that while incarcerated at the Shawno County Jail, prisoners had to sleep on top bunks without railings, risking injury. (ECF No. 1 at 2.) She does not allege whether she herself was injured or who was responsible for making the decision to force prisoners to sleep on top bunks without railings.

3

*Analysis*

Johnson potentially has viable claims, but the only defendant she names is the Shawno County Jail. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates her constitutional rights. The Shawno County Jail is not a person. Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009). Accordingly, a plaintiff must specifically allege what each individual defendant (in this case each employee of the Jail) did or did not do to violate her constitutional rights.

Also, she does not allege whether she suffered an injury. A plaintiff needs to suffer a real injury, not a hypothetical one. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Additionally, she cannot sue because an injury was caused to someone other than her. A plaintiff "must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages." *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (quoting *Elyea*, 631 F.3d at 864) (emphasis in original).

As such, the court will provide Johnson an opportunity to amend her complaint to include allegations about what injuries she sustained and what specific employees of the Shawno County Jail did (or did not do) to cause those injuries. Johnson's complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did to violate Johnson's rights. When

4

writing her amended complaint, Johnson should provide the court with enough facts to answer the following questions: 1) Who violated her constitutional rights?; 2) How did each person violate her rights?; and 3) When did each person violate her rights? If Johnson does not know the name of the defendant who alleged violated hers rights, she may identify them as "John Doe" or "Jane Doe." If her amended complaint is allowed to proceed, Johnson will have an opportunity to conduct limited discovery to determine the defendants' identities.

The court is enclosing a copy of its complaint form and instructions. Johnson must list all of the defendants in the caption of her amended complaint. She should use the spaces on pages two and three to allege the key facts that give rise to the claims she wishes to bring and to describe which defendants she believes committed the violations that relate to each claim. If the space is not enough, Johnson may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to her prior complaint. Johnson cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If Johnson does not file an amended complaint by the deadline specified below, the court will dismiss her case for failure to state a claim upon which relief may be granted.

## CONCLUSION

**THEREFORE, IT IS ORDERED** that Johnson's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Johnson may file an amended complaint that complies with the instructions in this order on or before **March 28, 2023**. If Johnson files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Johnson does not file an amended complaint by the deadline, the court will dismiss this case based on her failure to state a claim in her original complaint and will issue her a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Johnson a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the Johnson shall pay the $318.30 balance of the filing fee by sending payments as she is able to the Clerk of Court's office. The payments shall be clearly identified by the case name and number assigned to this case.

Johnson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Johnson is reminded that it is her responsibility to promptly notify the court if her address

changes.. Johnson' failure to keep the court advised of her whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 7th day of March, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge