# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GLORY ANNA JOHNSON,**

    **Plaintiff,**

  v.                                            **Case No. 22-CV-1023**

**JOHN DOE, and**
**JANE DOE,**

    **Defendants.**

## ORDER SCREENING AMENDED COMPLAINT

On September 6, 2022, plaintiff Glory Anna Johnson who is representing herself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated her constitutional rights. (ECF No. 1.) On March 7, 2023, the court screened her complaint and found it failed to state a claim upon which relief may be granted; however the court gave Johnson an opportunity to amend her complaint. (ECF No. 11.) On March 24, 2023, Johnson filed an amended complaint. (ECF No. 12.)

### SCREENING THE AMENDED COMPLAINT

*Federal Screening Standard*

The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Johnson's Allegations*

Johnson alleges that while incarcerated at the Shawno County Jail, she was told by two prison guards, identified as John and Jane Doe, that she had to sleep on a top bunk that did not have guard rails. (ECF No. 12 at 2.) Johnson refused because she was afraid of falling. (*Id.* at 3.) She was suffering from an infected tooth that affected her balance. (*Id.*) Because she kept refusing to sleep in the top bunk, Jane Doe began kicking her in the head. (*Id.*)

*Analysis*

Johnson claims her constitutional rights were violated when she was made to sleep in a top bunk without rails and when she was kicked by Jane Doe. Johnson may not proceed on a claim for having to sleep in the top bunk because she does not allege that she suffered an injury or harm as a result of sleeping in the bunk, which is required to state a valid § 1983 claim. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020).

However, she may proceed against Jane Doe on an excessive force claim for kicking her in the head. It is unclear whether Johnson was a pretrial detainee at the time of this incident. If she was a pretrial detainee, her rights arise out of the Fourteenth Amendment's Due Process Clause; if she was a convicted prisoner, her rights arise out of the Eighth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (holding that an objective unreasonableness standard applies to

3

claims brought by pretrial detainees while a subjective standard of whether the force was applied maliciously and sadistically applies to convicted prisoners). The court need not determine at this stage whether Johnson was a pretrial detainee or a convicted prisoner, however, because the Eighth Amendment standard is the more stringent one. The court will analyze her claims under that standard first.

"Correctional officers violate the Eighth Amendment when they use force 'maliciously and sadistically for the very purpose of causing harm,' but not when they apply it in good faith to maintain or restore discipline." *Jackson v. Angus*, 808 Fed. Appx. 378, 382 (7th Cir. 2020). At this stage, Johnson sufficiently alleges an excessive force claim because she alleges that Jane Doe's response to her refusal to sleep in the top bunk was for the purpose of causing harm.

Because there are no claims against the John Doe defendant, he is dismissed from the case. The court may dismiss John Doe despite not having his consent because a Doe defendant is not actually a party. *See Macklin v. Serrano,* No. 19-CV-583, 2020 WL 6323079, at *1 (E.D. Wis. Oct. 28, 2020).

Because Johnson does not know the names of the Jane Doe defendant, the court will add Troy Beyer, the Shawno County Jail Administrator, as a defendant for the limited purpose of helping Johnson identify the names of the Jane Doe defendant. *See Donald v. Cook County Sheriff's Dept.,* 95 F.3d 548, 556 (7th Cir. 1996). The court will order the Marshals to serve Beyer with Johnson's amended complaint and a copy of this order. Beyer does not have to respond to the amended complaint. After Beyer's lawyer files an appearance in this case, Johnson may serve

4

discovery upon Beyer (by mailing it to his attorney at the address in his notice of appearance) to get information that will help her identify the names of the defendants.

For example, Johnson may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Johnson does not state a claim against Beyer, her discovery requests must be limited to information or documents that will help her learn the real names of the defendants she is suing. Johnson may not ask Beyer about any other topic, and Beyer is under no obligation to respond to requests about any other topic.

After Johnson learns the names of the Jane Doe defendant, she must file a motion identifying her name so the court may replace the Doe placeholders. The court will dismiss Beyer as a defendant once Johnson identifies the Jane Doe defendant's name. After the Jane Doe defendant has an opportunity to respond to Johnson's amended complaint, the court will set a deadline for discovery. At that point, Johnson may use discovery to get the information she believes she needs to prove her claims.

Johnson must identify the names of the Jane Doe defendant within 60 days of Beyer's attorney appearing. If she does not or does not explain to the court why she is unable to do so, the court may dismiss her case based on his failure to diligently pursue it. Civil L. R. 41(c).

**THEREFORE, IT IS ORDERED** that the United States Marshal to serve a copy of the amended complaint and this order on Troy Beyer, Shawno County Jail Administrator, under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that Beyer does not have to respond to Johnson's amended complaint; however, he must respond to Johnson's discovery requests as described in this order.

**IT IS FURTHER ORDERED** that Johnson must identify the real name of the Jane Doe defendant within 60 days of Beyer appearing in the case. If she does not, or does not explain to the court why she is unable to identify her real name, the court may dismiss this case based on failure to diligently pursue it. Civil L.R. 41(c).

**IT IS FURTHER ORDERED** that the John Doe defendant is **DISMISSED**.

Johnson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Johnson is reminded that it is her responsibility to promptly notify the court if she is released

6

Case 2:22-cv-01023-NJ   Filed 05/15/23   Page 6 of 7   Document 13

from custody or transferred to a different institution. Johnson' failure to keep the court advised of her whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 15th day of May, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge